# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

EURIE BRIM, III,

        Plaintiff,

v.

WILLIAM J. SCHLAERTH, *et al.*

        Defendants.

**Case No. 1:17-cv-00797-AWI-EPG**

**ORDER DENYING IN FORMA PAUPERIS APPLICATION**

(ECF Nos. 4, 5)

    Plaintiff Eurie Brim III, proceeding *pro se* while incarcerated in California Correctional Institution in Tehachapi, California, filed a signed application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 on June 12, 2017. (ECF No. 2.) The application provided:

> I hereby authorize the agency having custody of me to provide a certified copy of my trust account statement for activity covering the last six months to the Court. Additionally, once eligibility is established, I further authorized the agency having custody of me to collect from my trust account and forward to the Clerk of the United States District Court payments in accordance with 28 U.S.C. § 1915(b)(2).

*Id.* In turn, 28 U.S.C. § 1915(b) provides:

> (b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court

1

> fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

By order dated August 15, 2017, the Court granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 3.) Pursuant to 28 U.S.C. § 1915(b), the Order directed the California Department of Corrections and Rehabilitation, or its designee, to send payments from Plaintiff's trust account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the statutory filing fee is paid in full. *Id.* Now before the Court is Plaintiff's response to the August 15, 2017 Order and second application to proceed *in forma pauperis*. (ECF Nos. 4, 5.)

In his response to the August 15, 2017 Order, Plaintiff states that he was not made aware of any contract or agreement to take 20 percent out of his inmate trust account when he filed his *in forma pauperis* application. (ECF No. 5.) Plaintiff also states that he disputes all fees and charges from his account, and requests a copy of any payments received by the court. *Id.*

An action may proceed despite a failure to prepay the entire filing fee only if the party initiating the action is granted leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). If a prisoner brings a civil action *in forma pauperis*, he is required to pay the full amount of a filing fee. 28 U.S.C. § 1915(b)(1). He must submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).). The court must assess and collect the greater of "the average monthly deposits to the prisoner's account" or the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint." *Id.*

Plaintiff was made aware of this requirement by the filing of his application to proceed *in forma pauperis*. In fact, by signing the application, Plaintiff authorized the assessment and collection of the filing fee as set forth in 28 U.S.C. § 1915(b)(1). Even so, a review of the court's records indicates that no funds were assessed or collected against Plaintiff's trust account.

On August 29, 2017, Plaintiff submitted a second application to proceed *in forma pauperis*. (ECF No. 4.) However, the August 15, 2017 Order, which granted Plaintiff's first application to proceed *in forma pauperis*, is currently operative. (ECF No. 3.) Accordingly, Plaintiff's application must be denied.

Nevertheless, if Plaintiff informs the Court within **thirty (30) days** of the date of this Order that he would like to withdraw his first application to proceed *in forma pauperis* (ECF No. 2), the Court will vacate the August 15, 2017 Order and will not remove funds from Plaintiff's trust account. Plaintiff must then elect to pay the filing fees required to maintain this action or file a notice of voluntarily dismissal. If Plaintiff wishes to continue to proceed *in forma pauperis*, the Court must assess and collect the filing fees as required by 28 U.S.C. § 1915.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's second application to proceed *in forma pauperis* (ECF No. 4.) is **DENIED**.

IT IS SO ORDERED.

Dated: **September 19, 2017**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE