# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EURIE BRIM, III,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM J. SCHLAERTH, *et al*.,<br><br>　　　　Defendants. | Case No. 1:17-CV-00797-AWI-EPG<br><br>**ORDER FOR PLAINTIFF TO:**<br><br>**(1) FILE A FIRST AMENDED COMPLAINT;**<br><br>**OR**<br><br>**(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT, SUBJECT TO FINDINGS AND RECOMMENDATIONS TO THE DISTRICT JUDGE CONSISTENT WITH THIS ORDER**<br><br>(ECF No. 1)<br><br>**THIRTY DAY DEADLINE** |

　　Eurie Brim, III ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 12, 2017. (ECF No. 1). Plaintiff alleges that the District Attorney and Sherriff violated his constitutional rights by committing perjury and introducing false evidence to obtain an illegal conviction against him.

　　This Court has screened the complaint and finds that it fails to state a claim. As described below, a case under Section 1983 for violation of civil rights cannot be used to challenge a criminal conviction. Any such challenge must be done by filing a writ of habeas corpus after pursuing all rights of appeals for that conviction. The Court will provide Plaintiff with leave to amend his complaint within thirty days if he believes that additional facts will establish a claim

1

under the applicable legal standards. Plaintiff also has the option of standing on this complaint, in which case this Court will issue findings and recommendations to the District Judge, recommending that the case be dismissed.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678 (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Id.* The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff Brim brings his claim against Defendant William J. Schlaerth, a Kern County District Attorney, and Sean Mountjoy, a Kern County Sheriff Officer. (ECF No. 1.)

Plaintiff alleges that Defendant Schlaerth violated his constitutional rights by committing

perjury and using testimony and evidence he knew to be false. *Id* at 8. Defendant Mountjoy allegedly violated Plaintiff's rights by knowingly and willfully committing perjury and falsifying police reports and willfully introducing evidence from an unrelated criminal case. Gang Expert, Sergeant Lauro Canto testified to certain reports as to Plaintiff being an active gang member, which was not proven and improper opinion because through a thirteen year period, Plaintiff had never been charge, convicted, or arrested for any gang related crimes. *Id.* at 11.

Plaintiff also claims that it was error to admit evidence of his prior criminal conduct. Plaintiff's complaint alleges many other issues regarding what appears to be testimony at his criminal trial. *Id.* at 12.

Plaintiff alleges that Defendants acted in order to obtain an illegal conviction of him. Plaintiff claims that he is appealing "from Judgment entered after a jury found [him] guilty of robbery in the second assault with a firearm and found true allegations that he personally used a firearm and that the charged offense crime was committed for the benefit of or at the direction of and in the association with a criminal street gang." *Id.* at 13. Plaintiff also challenges his sentence as being improperly enhanced. *Id.* at 12.

## II.   ANALYSIS

The Supreme Court has held that a prisoner cannot bring a § 1983 claim to collaterally attack a criminal conviction unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). In considering whether a § 1983 claim is barred by *Heck*, courts ask whether a ruling favoring the plaintiff would necessarily imply that plaintiff's conviction or sentence is invalid. *See, e.g., Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011). When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983, and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir. 1997); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir.

1995) (per curiam).

Here it appears that Plaintiff's complaint is challenging his criminal conviction. Section 1983 lawsuits cannot be used for this purpose. If Plaintiff challenges his criminal conviction, he must appeal that conviction through the state court and, once he has exhausted those appeals, he may file a writ of habeas corpus in federal court.[1]

## III. CONCLUSION

The Court finds that Plaintiff's complaint fails to state any cognizable claim upon which relief may be granted under § 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days, if he chooses to do so.

The amended complaint must allege constitutional violations under the law as discussed above. Specifically, Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *Iqbal*, 556 U.S. at 676. Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights by acting with deliberate indifference to Plaintiff's health or safety, which is sufficiently serious. *Jones*, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an

---

[1] Note that there are rules regarding such petitions, including the requirement to exhaust his state remedies and also abide by certain time requirements.

4

amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff may also choose to stand on this complaint, in which case the Court will issue findings and recommendations to the assigned district court judge, recommending that the case be dismissed for failure to state a claim.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff may file a First Amended Complaint curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would state a claim, within **thirty (30) days** from the date of service of this order;

3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:17-cv-00797-AWI-EPG;

4. Alternatively, within thirty days from the date of service of this order, Plaintiff may notify the Court that he wishes to stand on this complaint, subject to this Court issuing findings and recommendations to the assigned district court judge, recommending that the case be dismissed for failure to state a claim; and

5. If Plaintiff fails to file an amended complaint or notify the Court that he wishes to stand on this complaint within 30 days from the date of service of this order, the Court will issue findings and recommendations to the assigned district court judge, recommending that Plaintiff's case be dismissed for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated: **October 20, 2017**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

5