UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EURIE BRIM, III,

    Plaintiff,

v.

WILLIAM J. SCHLAERTH, *et al.*

    Defendants.

**Case No. 1:17-cv-00797-AWI-EPG**

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

(ECF No. 7)

Eurie Brim, III ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 12, 2017. (ECF No. 1). Plaintiff alleges that William J. Schlaerth, a Kern County District Attorney, and Sean Mountjoy, a Kern County Sheriff Officer, violated his constitutional rights by committing perjury and introducing false evidence to obtain an illegal conviction against him. *Id.* On October 20, 2017, this Court found that the Complaint fails to state any cognizable claim upon which relief may be granted under § 1983, and granted Plaintiff leave to file an amended complaint. (ECF No. 9.) Now before the Court is Plaintiff's motion for appointment of counsel. (ECF No. 7.)

Pursuant to 28 U.S.C. § 1915(e)(1), the Court may appoint counsel to an indigent party in a civil case. However, the appointment of counsel is not a constitutional right, and the Court cannot require an attorney to represent a party. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998); *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). Without a reasonable method of securing and compensating counsel, the Court will seek the voluntary assistance of counsel only in the most serious and exceptional circumstances. *Rand*, 113 F.3d at 1525. In determining whether exceptional circumstances exist, "a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

Here, Plaintiff argues that the likelihood of success "for a writ of habeas corpus is over whelming [*sic*]." (ECF No. 7.) Plaintiff, however, cannot bring a section 1983 claim to collaterally attack a criminal conviction unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). As it appears that Plaintiff seeks to challenge his criminal conviction in this section 1983 action, the Court declines to appoint counsel at this time. Nevertheless, if Plaintiff elects to amend his complaint and proceed in this action, he may renew his motion for appointment of counsel.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **October 30, 2017**             /s/ Erin P. Groj
                                        UNITED STATES MAGISTRATE JUDGE

2